UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LILLIE GREENE, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-249 |
| | § | |
| W&W ENERGY SERVICES, INC., *et al.*, | § § § | |
| Defendants. | § | |

## ORDER GRANTING MOTION TO TRANSFER VENUE

Pending are the Motions to Transfer Venue filed by Defendants Louis Ghoundep Tzemenka Shalo ("Shalo") and Halliburton Energy Services, Inc. ("Halliburton") on September 23, 2019, and September 27, 2019, respectively. (D.E. 6, 9). Plaintiff filed a response on October 10, 2019. (D.E. 10). Defendants Shalo, Halliburton, and W&W Energy Services, Inc. ("W&W Energy") supplemented the motion to transfer on October 25, 2019, (D.E. 13), and Plaintiff supplemented her response on November 1, 2019 (D.E. 14). The parties do not dispute that the Corpus Christi Division of the Southern District of Texas is an appropriate venue for this case. Defendants seek a transfer, however, to the Houston Division under 28 U.S.C. § 1404. (D.E. 6, p. 1–2; D.E. 13, p. 2). As discussed below, the Court finds that the motions to transfer should be **GRANTED**.

### I. Legal Standard

"[P]laintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations), [and the Supreme Court has] termed their selection 'the plaintiff's venue privilege.'" *Atl. Marine Constr. Co.,*

*Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 635 (1964)). However, 28 U.S.C. § 1404(a) permits the transfer of any civil action "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." A § 1404 analysis applies "as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (per curiam). If the civil action "might have been brought" in the transferee venue, then a § 1404(a) motion to transfer venue should be granted if "the movant demonstrates that the transferee venue is clearly more convenient." *In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304, 315 (5th Cir. 2008). "[T]he Fifth Circuit has enumerated a number of factors which, although they are neither exhaustive of exclusive, guide the Court's exercise of discretion." *City of El Cenizo v. Texas*, No. SA-17-CV-404-OG, 2017 WL 6402990, at *2 (W.D. Tex. Aug. 15, 2017) (citing *Volkswagen II*, 545 F.3d at 315). The Court considers the following private and public interest factors first outlined in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947):

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; . . . (4) all other practical problems that make trial of a case easy, expeditious and inexpensive[;] . . . (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Volkswagen II*, 545 F.3d at 315 (internal numbering altered); *see also In re Radmax*, 720 F.3d at 288. According to the Fifth Circuit, however, balancing these factors involves more

than "a raw counting of the factors in each side, weighing each the same and deciding transfer on the resulting 'score.'" *In re Radmax*, 720 F.3d at 290 n.8. The Fifth Circuit also instructed courts to be cautious when denying transfers where only the plaintiff's choice weighs in favor of denying the transfer. *Id.* at 290 (noting that "[t]he main guidance from the en banc court in *Volkswagen II*" is that district courts should be "fully aware of the inadvisability of denying transfer where only the plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case . . . are in the transferee forum").

In this case, the parties do not dispute that, under 28 U.S.C. § 1391, this case "might have been brought" in the Houston division of this District. Thus, transfer pursuant to § 1404(a) is appropriate if Defendants demonstrate that the Houston division is "clearly more convenient" than the Corpus Christi division in light of the *Gilbert* factors listed above. *See Volkswagen II*, 545 F.3d at 315. As explained below, the Court finds that the factors favor transferring this case to the Houston Division.

## II. Discussion

This lawsuit stems from a motor vehicle collision in New Mexico and involves four parties. (D.E. 10, p. 1). Plaintiff is a resident of New Mexico. (D.E. 1, p. 1). Two of the defendants, Shalo and Halliburton, are residents of Houston, Texas, and the third defendant, W&W Energy, resides in Odessa, Texas. (D.E. 1, p. 1–2). Defendants argue that Houston is more convenient than Corpus Christi to litigate this case because travel between West Texas and Houston is easier than between West Texas and Corpus Christi, no witnesses or evidence are in Corpus Christi, and the only tie to Corpus Christi that this case

holds is that Plaintiff's counsel is located here. (D.E. 6, p. 2–4). Nevertheless, Plaintiff argues that Defendants have not carried their burden in showing Houston is clearly more convenient than Corpus Christi. (D.E. 10, p. 5–9; D.E. 14, p. 4–6).

Applying the *Gilbert* factors, first, the Court sees no difference between the ease of access to evidence in Houston than to evidence in Corpus Christi. Defendants contend that there is no evidence in Corpus Christi (D.E. 6, p. 3), but neither is there any in Houston.[1] Indeed, Defendants agree that "all evidence in this matter would likely be in New Mexico, as that is where Plaintiff is domiciled, where Plaintiff is receiving medical care, and . . . where the accident occurred." (D.E. 6, p. 3). Taking Defendants at their word, the Court finds that the first factor is neutral.

Regarding the costs of attendance for willing witnesses, Defendants do not detail which witnesses they are expecting to call.[2] Plaintiff argues that the cost of attendance for witnesses is immaterial because the key non-party witnesses that Plaintiff names are in New Mexico or West Texas, and counsel will have to travel to the witnesses for depositions regardless of whether Corpus Christi or Houston holds this case. (D.E. 10, p. 7; D.E. 14, p. 5). Be that as it may, the witnesses would have to appear in Corpus Christi for the trial. The fact that flights from New Mexico and West Texas to Houston are shorter in duration, more numerous, more frequent, and less expensive than those to Corpus Christi weighs in

---

[1] In the Supplement, Defendants seem to contradict this statement by stating that Shalo and Halliburton hold evidence in Houston. (D.E. 13, p. 5). The Court finds it unnecessary to address any such inconsistency because even resolving it in the light most favorable to Plaintiff does not change the outcome of this Order.

[2] Defendants argue, generally, that party-witnesses will be inconvenienced by travel to Corpus Christi. (D.E. 13, p. 3–4).

favor of transfer. (D.E. 6, p. 3; D.E. 13-2, p. 3–33). As such, the Court finds the third factor weighs in favor of transfer.

As for all other practical problems that make trial of a case easy and inexpensive, Defendants contend that litigating this case in Corpus Christi would increase the overall cost for them. (D.E. 6, p. 3; D.E. 13, p. 3–5). Attached to Defendants' Supplement are two affidavits. The first, from Travis A. Johnson at Halliburton, states that "travel within the Houston area would be substantially less costly than travel to Corpus Christi" for matters related to this litigation, and "the time and expense to attend depositions, hearings, mediation and trial, would be exponentially increased" if personnel had to travel to Corpus Christi. (D.E. 13-1, p. 1). The second, from Brian Wallace at W&W Energy, states that "significantly less time, effort, and expense will be required" to attend proceedings in Houston. (D.E. 13-2, p. 2). Wallace attached flight schedules to his affidavit showing the frequency and duration of flights from Midland-Odessa to both Houston and Corpus Christi. There are no non-stop flights to Corpus Christi from Midland-Odessa but several each day to Houston from Midland-Odessa. (D.E. 13-2, p. 3–33).

Plaintiff insists that pre-trial travel is immaterial because depositions will likely take place in New Mexico and West Texas regardless of which division has this case. (D.E. 10, p. 7). She also attached an affidavit explaining that she chose Corpus Christi because she has family and a doctor in San Antonio, and the Houston traffic frightens her since her accident. (D.E. 14-1).

If this case moves toward trial, Defendants will have to make court appearances in Corpus Christi. So if the Court denies the transfer of this case, two parties must travel to

Corpus Christi from Houston. Conversely, no party will have to travel from Corpus Christi to Houston if the Court grants transfer,[3] and it is much less time intensive for W&W Energy to travel to Houston than to Corpus Christi. But the Court finds that much of the weight favoring transfer for Defendants is countered by Plaintiff's concerns for making this trial easy, as explained in her affidavit. Therefore, the Court finds that the fifth factor narrowly favors transfer.

As far as localized interests, Defendants' argument holds significant weight that a Houston jury would have more interest in the case because two of the four parties in the case are based in Houston. (D.E. 6, p. 4). That weight is somewhat countered by Plaintiff's argument that potential jurors in Corpus Christi have the same interest as those in Houston in the safe operation of oil-field equipment and large trucks on public highways. (D.E. 10, p. 9). Normally, attributing a general interest to a locality is not particularly relevant to this analysis. *See Volkswagen II*, 545 F.3d at 317–18 (finding a rationale that could apply to any judicial division "leaves no room for consideration of those actually affected—directly and indirectly—by the controversies and events giving rise to a case."). However, the Court finds Plaintiff's argument persuasive because she is not leaning on an argument that could make any judicial division proper, but instead recognizing that both Corpus Christi and

---

[3] Surely "courts should not transfer a case 'if the only practical effect is to shift inconvenience from the moving party to the non-moving party.'" *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 789 (S.D. Tex. 2005) (quoting *Goodman Co., LP v. A&H Supply Co.*, 396 F. Supp. 2d 766, 776 (S.D. Tex. 2005). But that is not the case here as no party resides in Corpus Christi, and the "location of counsel is irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) (per curiam) (internal marks omitted).

Houston are home to a significant oil industry. As such, the Court finds that the sixth factor only narrowly favors transfer.

The parties do not dispute the availability of compulsory process, court congestion, familiarity with the governing law, or conflict of laws. Therefore, the second, fourth, seventh, and eighth factors are neutral or not implicated by these facts. *See id.* at 317 (considering only contested factors).

The Court finds that three factors favor transfer to Houston, and five factors are neutral or not implicated. Beyond a raw counting on each side, the Court has balanced the factors and finds that they favor transferring this case to the Houston Division. Consequently, Defendants met their burden of showing that Houston is "clearly more convenient" than Corpus Christi.

### III. Conclusion

As in all transfer decisions, each set of facts is unique and must be decided on a case-by-case basis. After weighing the factors, the Court concludes that Defendants have carried their burden of showing that the Houston Division is a clearly more convenient venue for this lawsuit, and "on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine*, 571 U.S. at 63 (quoting 28 U.S.C. § 1404(a)). For these reasons, the Court **GRANTS** the motions to transfer venue. (D.E. 6, 9). Accordingly, this action is **TRANSFERRED** to the Houston Division of the Southern District of Texas.

SIGNED and ORDERED this 4th day of November 2019.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE